JS-6   O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| VON DUTCH ORIGINALS, LLC, | No. CV05-8971 CAS (CTx) |
| Plaintiff, | **JUDGMENT AGAINST DEFENDANTS LORNA MICHAEL AND LISA HOWARD** |
| vs. | |
| MICHAEL CASSEL, *et al.*, | |
| Defendants, | Date: January 22, 2008<br>Time: 10:00 a.m.<br>Ctrm.: 5<br>Judge: Hon. Christina A. Snyder |
| AND RELATED COUNTERCLAIM AND THIRD-PARTY ACTION. | |

Pursuant to the declarations submitted by Plaintiff and Counterclaim Defendant Von Dutch Originals, LLC, a California limited liability company ("VDO"), against Defendants Lisa Howard ("Howard") and Lorna Michael ("Michael") who failed to appear for trial, the Court hereby enters its judgment in favor of VDO and against , Howard and Michael as follows:

1. Howard and Michael are the daughters and heirs of Kenneth Howard, the artist known as "Von Dutch."

2. By Trademark and Copyright Purchase Agreement dated March 31, 2000, between Kabushiki Kaisha Ueno Shokai, a Japanese corporation ("Ueno Shokai"), as purchaser, and Howard and Michael as sellers (the "Ueno Shokai

Agreement"), Howard and Michael sold to Ueno Shokai the "Von Dutch" and Flying Eyeball" design trademarks and the "Flying Eyeball" design copyright and all other intellectual properties, including (non-limiting) symbols, logos, domain names and other like marks that are or have been associated with the works of Kenneth Howard, wherever situated (namely, worldwide), and of the right to publicity of the foregoing (collectively, the "Von Dutch Intellectual Property"). Under the terms of the Ueno Shokai Agreement, Howard and Michael were paid a purchase price of $500,000, to be paid $400,000 down with $100,000 (the "Withholding Amount") to be held by Ueno Shokai for three years as security in defending against any competing claims to the rights in the Von Dutch Intellectual Property may arise.

3. Pursuant to a Settlement Agreement and Release executed June 16, 2000, by Howard, June 28, 2000, by Michael and June 28, 2000, by Michael Cassel ("Cassel"), Michael and Howard assigned and transferred all rights to receive the Withholding Amount from Ueno Shokai to VDO and Cassel. Following this assignment, Michael and Howard had no rights to receive the Withholding Amount and the alleged failure of Ueno Shokai to pay the Withholding Amount, if any, did not afford Howard or Michael any right to purport to rescind the Ueno Shokai Agreement. Howard and Michael have not rescinded the Ueno Shokai Agreement and Howard and Michael have no right to rescind the Ueno Shokai Agreement.

4. On or about January 27, 2005, Howard and Michael purported to enter into a License Agreement effective on the 8th day of October, 2005, between Howard and Michael as licensors and Seong In Jin ("Jin"), a resident of Seoul, Korea, as licensee. This License Agreement purported to license the same Von Dutch Intellectual Property which had been sold by Howard and Michael to Ueno Shokai pursuant to the Ueno Shokai Agreement. At the time Howard and Michael purported to enter into the License Agreement with Jin, Howard and Michael had no rights in and to the Von Dutch Intellectual Property and told Jin that they were

1  unsure what rights, if any they had.  All the rights to the Von Dutch Intellectual
2  Property had been acquired by VDO from Ueno Shokai pursuant to a Trademark
3  Purchase Agreement between VDO and Ueno Shokai dated May 15, 2002.
4  Accordingly, at the time Howard and Michael purported to license rights in the Von
5  Dutch Intellectual Property to Jin, they had no rights in the Von Dutch Intellectual
6  Property to license.

7       5.  On June 8, 2005, Michael and Howard executed an "Assignment of Rights in Favor of Seong In Jin," wherein Howard and Michael as assignors purported to assign to Jin as assignee all right, title and interest, throughout the world, including any copyrights and renewals or extensions thereto, in the art work and the name of Von Dutch, Flying Eyeball and the images, names, art work, likeness, signatures and pictures of Kenneth Howard.  At the time Howard and Michael entered into the purported Assignment of Rights in Favor of Seong In Jin, they had no rights to assign to Jin, because those rights were sold to Ueno Shokai pursuant to the Ueno Shokai Agreement.

16       6.  On or about July 7, 2005, Howard and Michael executed a purported "Assignment of Rights in Favor of Seong In Jin" purporting to assign to Jin any claims, rights to sue and causes of action arising from the Ueno Shokai Agreement against Ueno Shokai, its licensees, VDO and Tonny Sorenson.  At the time they entered into this assignment of rights in favor of Jin, Howard and Michael had no rights or claims against Ueno Shokai, VDO or Sorenson.

22       7.  Howard and Michael have no right, title or interest in and to any of the Von Dutch Intellectual Property.

24       8.  VDO has all right, title and interest in and to the Von Dutch Intellectual Property.

26       9.  In addition, VDO has been damaged monetarily by the actions of Howard and Michael in purporting to license rights which they did not possess to

1   Seong In Jin and VDO is therefore entitled to damages in the amount of $4,752,347
2   jointly and severally from Michael and Howard.

4   DATED: January 22, 2008

                                                                         *Christine A. Snyder*

                                                 United States District Court Judge

7   Respectfully submitted,

8   ZIMMERMANN, KOOMER, CONNOLLY,
    FINKEL & GOSSELIN LLP

    By:      /S/
              ALAN H. FINKEL
Attorneys for Plaintiff and Counterclaim
Defendant VON DUTCH ORIGINALS, LLC and
Third-Party Defendant TONNY SORENSON